UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIONNANDRA DAVIS SPEIGHTS | CIVIL ACTION |
| VERSUS | NO. 17-5433 |
| HECTOR SANCHEZ, WILLIAM F. BROWN FAMILY TRUST, USA GLOBAL SOLUTIONS, INC. and PROGRESSIVE INSURANCE COMPANY | SECTION A(3) |

## ORDER AND REASONS

Before the Court is Plaintiff Dionnandra Davis Speights' ("Speights") **Motion for Partial Summary Judgment. (Rec. Doc. 54)**. Defendants Hector Sanchez ("Sanchez"), USA Global Solutions, Inc. ("USA"), and Progressive Express Insurance Company ("Progressive") (hereinafter collectively referred to as "Defendants") oppose the motion (Rec. Doc. 55) and Plaintiff has replied. (Rec. Doc. 68). Defendants have also filed a supplemental memorandum in support of their opposition. (Rec. Doc. 66). The motion, set for submission on April 18, 2018, is before the Court on the briefs without oral argument.[1] A jury trial in this matter is set to commence on June 11, 2018. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's **Motion for Partial Summary Judgment** is **DENIED** for the reasons set forth below.

**I.    Background**

Plaintiff Dionnandra Davis Speights initiated this personal injury action in state court before Defendants removed to this Court on May 31, 2017. (Rec. Doc. 1). Speights contends that

---

[1] Although requested, the Court does not find oral argument to be necessary.

on August 14, 2016, she was driving her car eastbound in the middle lane of I-10, on the high-rise bridge in New Orleans, Louisiana when Defendant Hector Sanchez—driving an eighteen wheeler freight truck owned by co-defendant USA—collided with the rear-end of her vehicle. (Rec. Doc. 54-1, p. 2). At the time of the collision, Sanchez was allegedly acting in the course and scope of his employment with Defendant USA, who Speights claims is vicariously liable for Sanchez's negligence.[2] (Rec. Doc. 54-1, pp. 13–14). Speights further alleges that as a result of the crash, her vehicle was pushed into a van driven by Barry Sorrell. *Id.* at pp. 2–3. Speights seeks damages for injuries sustained from the incident, as well as property damage to her vehicle. Speights brings the instant motion seeking summary judgment on the issue of liability. Specifically, Speights maintains that the accident was caused solely by the negligence of Sanchez in striking the rear of Speights' vehicle. (Rec. Doc. 54, p. 1, ¶ 2).

## II. Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

---

[2] Defendant Progressive stipulates that Sanchez was in the course and scope of his employment with USA at the time of the subject accident and that the applicable Progressive policy provides coverage for the accident sued upon. (Rec. Doc. 55, p. 2 n. 1).

2

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

**III.    Law and Analysis**

The Court finds Defendants' position to be the more persuasive one. Taking the pleadings, depositions, answers to interrogatories, and admissions on file, in the light most favorable to the Defendants as the non-moving parties, the issue remains as to how much fault should be apportioned to Speights, Sanchez, and potential third-parties. In support of her argument, Speights principally relies on her own testimony to support the contention that Sanchez is 100% liable for causing her injuries. When asked to identify those responsible for causing the accident via Plaintiff's Interrogatories, USA responded that Sanchez was operating the vehicle eastbound on I-10 "approaching the Downman Road exit in New Orleans, Louisiana behind a vehicle operated by Plaintiff. Plaintiff came to a sudden and unexpected stop causing the subject accident." (Rec. Doc. 54-1, p. 8) (citing Rec. Doc. 54-1, p. 13). To refute this contention, Speights relies on the fact that she "amply testified that at the moment she was rear ended, she had been slowing down because she observed traffic slowing ahead of her." (Rec. Doc. 54-1, p. 9) (citing Rec. Doc. 54-2, p. 8). Speights further includes testimony from Sanchez and police reports in support of her position, none of which the Court finds sufficient to grant summary judgment. Defendants have

presented adequate evidence to show that a reasonable jury could return a verdict allocating fault to a party other than Sanchez.

Again, Speights relies chiefly on testimony pertaining to the cause of the accident in support of her argument that Sanchez is 100% liable. However, it is the province of the fact-finder—the jury in this case—to weigh the credibility of testimony, analyze relevant sources of evidence, and allocate fault accordingly. In ordinary tort actions, "the determination and apportionment of fault is a factual issue." *Coleman v. Townsend*, 948 So.2d 369, 372 (La. Ct. App. 2 Cir. 2007). Because there is still a genuine issue of material fact—*i.e.*, the apportionment of fault—summary judgment is not appropriate.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 54)** is **DENIED.**

May 16, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE